IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

v.                                                    CIV 08-0392 WJ/LAM
                                                          CR 04-1219 WJ

**DENNYS MATEO,**

       **Defendant/Movant.**


## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant Dennys Mateo's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*[2] *(Doc. 1)* (hereinafter "*Section 2255 Motion*"), filed on April 14, 2008, and Plaintiff/Respondent's *United States' Motion to Dismiss (Doc. 6)* (hereinafter "*Motion to Dismiss*"), filed on June 10, 2008. On July 18, 2008, Mr. Mateo filed a response to the Government's motion to dismiss titled *Defendant[']s Response to United States['] Motion to Dismiss (Doc. 7)* (hereinafter "*Response to Motion to Dismiss*").

United States District Judge William P. Johnson referred the claims raised in the *Section 2255 Motion* to the undersigned for proposed findings and a recommended disposition, and a hearing, if

---

[1] **Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-08-0392.

necessary.[3]  Having considered the parties' submissions, relevant law, and the record in this case and in Mr. Mateo's underlying criminal case contained in Case No. CR-04-1219, the undersigned recommends, for the reasons set forth below, that the claims raised in Mr. Mateo's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* be **DENIED**, that the *United States' Motion to Dismiss (Doc. 6)* be **GRANTED**, and that Case No. CIV-08-0392 be **DISMISSED with prejudice.**

## Factual and Procedural Background

Mr. Mateo was indicted by a federal grand jury on June 23, 2004, and charged with one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[4]  On December 1, 2004, Mr. Mateo pled guilty to the Indictment without a plea agreement.[5]  On May 19, 2005, Mr. Mateo's counsel filed objections to the Presentence Report, asking the Court to "sentence Mr. Mateo at offense level 12, category II."[6]  On June 13, 2005, the District Court held a sentencing hearing and announced its intent to sentence Mr. Mateo to a sentence above the applicable guideline range.[7]  The Court continued the sentencing hearing and allowed Mr. Mateo 30-days to file a sentencing memorandum regarding any upward departure.[8]  On August 5, 2005, District Judge Johnson overruled Mr. Mateo's objections to the Presentence Report and

---

[3] *See **Order of Reference Regarding Prisoner Cases** (Doc. 8).*

[4] *See **Indictment** (Doc. 21)*, filed in Case No. CR-04-1219.

[5] *See **Plea Minute Sheet** (Doc. 40)*, filed in Case No. CR-04-1219.

[6] *See **Objections to Presentence Report** (Doc. 44)*, filed in Case No. CR-04-1219, at 1.

[7] *See **Sentencing Proceedings Before Judge Johnson** (Doc. 48)*, filed in Case No. CR-04-1219.

[8] *Id.*

sentenced Mr. Mateo to 120-months in prison, three years supervised release, and assessed a $100.00 special penalty.[9]  Mr. Mateo appealed his conviction to the Tenth Circuit Court of Appeals, which upheld his conviction and sentence with a published opinion.[10]  Mr. Mateo's petition for writ of certiorari to the United States Supreme Court was denied on May 29, 2007.[11]

### Discussion

In his *Section 2255 Motion (Doc. 1)*, Mr. Mateo claims that his counsel was ineffective because: (1) he "did not make [Mr. Mateo] aware that the [C]ourt could use Booker[12] to exceed the sentencing guidelines when [Mr. Mateo] entered his guilty plea;" and (2) he failed to object "to the sentence that exceeded the guideline maximum" and "to the Court using arrest[s] that did not result in convictions to increase [Mr. Mateo's] sentence."[13]  In the Government's *Motion to Dismiss (Doc. 6)*, the Government states that Mr. Mateo's claims "of ineffective [assistance] of counsel are directly contradicted by the plea and sentencing transcripts."[14]  In his *Response to Motion to Dismiss (Doc. 7)*, Mr. Mateo states that: (1) his counsel advised him "that by pleading guilty (even without a plea agreement) that [Mr. Mateo] would receive a sentence no greater than 21 months," (2) that his counsel "assured him that the [C]ourt would stick to the guideline[s] or go slightly over (slightly

---

[9]*See Sentencing Proceedings Before Judge Johnson (Doc. 51)*, filed in Case No. CR-04-1219.

[10]*See Certified Copy of Judgment (Doc. 58),* filed in Case No. CR-04-1219, and *United States v. Mateo*, 471 F.3d 1162 (10th Cir. 2006).

[11]*See Mateo v. United States*, 127 S.Ct. 2890, 167 L.Ed.2d 1162 (2007).

[12]The Court construes this statement to refer to the case of *United States v. Booker*, 543 U.S. 220 (2005).

[13]*See Section 2255 Motion (Doc. 1)* at 4.

[14]*See Motion to Dismiss (Doc. 6)* at 3.

being less than 12 months)," and (3) that his counsel "did not strongly object to the Court[']s sentencing above the guideline range" in either the June 13, 2005, or August 5, 2005 hearings.[15]

To prevail on his ineffective assistance of counsel claims, Mr. Mateo must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must show that his attorney's constitutionally ineffective performance prejudiced him. *Id.* Prejudice is found when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id* at 690.

### 1. Ineffective Assistance of Counsel for Failing to Make Mr. Mateo Aware that the Court Could use <u>Booker</u> to Exceed the Sentencing Guidelines

Mr. Mateo states that his trial attorney failed to make him aware that the Court could use *United States v. Booker*, 543 U.S. 220 (2005), to exceed the sentencing guidelines.[16] The Government contends that Mr. Mateo was aware that the maximum statutory punishment included a maximum sentence of ten years and that, at his plea hearing, Mr. Mateo stated that the understood that "the Court has the authority to depart from the guidelines an[d] impose a sentence that is more severe or less severe than the sentence called for by the guidelines."[17]

---

[15]*See **Response to Motion to Dismiss** (Doc. 7)* at 1.

[16]*See **Section 2255 Motion** (Doc. 1)* at 4. One of the holdings of *Booker* is that the United States Supreme Court declared the mandatory application of the federal sentencing guidelines unconstitutional. 543 U.S. at 258-59.

[17]*See **Motion to Dismiss** (Doc. 6)* at 3.

At the plea hearing on December 1, 2004, Mr. Mateo made the following statements: (1) that he understood that the maximum penalties for the offense he pleaded guilty to included incarceration of up to ten years (*see* **Transcript of Plea** *(Doc. 67)* at 7); (2) that he understood that the final sentence imposed may be different from any estimate his counsel gave him (*id.* at 9); and (3) that he understood that the Court has the authority to impose a more severe sentence than what is called for by the guidelines (*id.*). These statements contradict Mr. Mateo's claim that he did not know that the Court could exceed the sentencing guidelines. The record is devoid of any indication that Mr. Mateo's counsel's performance was inadequate or that Mr. Mateo was prejudiced. Even if Mr. Mateo's counsel estimated his sentence at 12 months, as Mr. Mateo alleges in his **Response to Motion to Dismiss** *(Doc. 6)*, that does not constitute ineffective assistance of counsel. *See United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.") (citations omitted). Significantly, Mr. Mateo does not claim that his plea would have been different if his counsel had given him more or different information about *Booker* and, therefore, Mr. Mateo does not show any prejudice by his counsel's alleged ineffectiveness. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (explaining that in order to satisfy the prejudice prong under *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). In fact, the relief Mr. Mateo requests is not to revise his plea, but that the "matter be remanded for re[-]sentencing."[18] The Court, therefore, finds that Mr. Mateo's claim that his counsel

---

[18]*See* **Section 2255 Motion** *(Doc. 1)* at 13.

was ineffective for failing to make him aware that the Court could exceed the sentencing guidelines is without merit.

### 2. *Ineffective Assistance of Counsel for Failing to Object*

Mr. Mateo next claims that his counsel was ineffective by failing to object to his sentence.[19] Specifically, Mr. Mateo states that his counsel should have objected to the Court sentencing him above the sentencing guidelines and to the Court using arrests that did not result in convictions to increase his sentence.[20] The Government states that this argument is "directly contradicted by the record" because, during the August 5, 2005, sentencing hearing, Mr. Mateo's counsel objected to Mr. Mateo's sentence on the grounds that it was outside the guideline range and argued that the Court should not consider arrests that did not result in convictions.[21]

The record does not support Mr. Mateo's claims. At the August 5, 2005, sentencing hearing, Mr. Mateo's counsel specifically argued that the Court should impose a sentence within the guidelines and objected to the Court's consideration of prior arrests which did not result in convictions in order to depart from the sentencing guidelines.[22] Mr. Mateo has failed to show that his counsel's performance was deficient or that, but for counsel's alleged unreasonable conduct, he would have been entitled to a lesser sentence. Thus, Mr. Mateo's claim of ineffective assistance of counsel for failing to object (1) to Mr. Mateo's sentence as being outside the guidelines or (2) to the Court considering arrests that did not result in convictions should be denied.

---

[19]*See* **Section 2255 Motion** *(Doc. 1)* at 4-5.

[20]*Id.*

[21]*See* **Motion to Dismiss** *(Doc. 6)* at 4.

[22]*See* **Transcript of Sentence** *(Doc. 68)* at 5, 6 and 11.

## Recommended Disposition

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that:

**(1)** the claims raised in Mr. Mateo's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* be **DENIED;**

**(2)** the *United States' Motion to Dismiss (Doc. 6)* be **GRANTED**; and

**(3)** Case No. CIV-08-0392 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**